**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| KARLA RAMCHARITAR, GLORIA WILTRAKIS, and CHERYL SENKO, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br>　　　vs.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>　　　　　　　　　　Defendant. | 1:15-CV-00457-TSB<br><br>Judge: Timothy S. Black |

**DEFENDANT THE PROCTER & GAMBLE COMPANY'S MOTION TO STRIKE
PLAINTIFFS' CLASS ACTION ALLEGATIONS, DISMISS PLAINTIFFS' AMENDED
COMPLAINT FOR FAILURE TO STATE A CLAIM, AND TO DISMISS PLAINTIFFS'
CLAIM FOR INJUNCTIVE RELIEF FOR LACK OF STANDING**

Henry B. Liu (S.D. Ohio Bar # 82917)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
hliu@cov.com

Emily Johnson Henn (*admitted pro hac vice*)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, California 94065
(650) 632-4700
ehenn@cov.com

*Attorneys for Defendant*
*The Procter & Gamble Company*

February 15, 2016

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

FACTUAL BACKGROUND ....................................................................................................... 2

ARGUMENT ............................................................................................................................... 5

I.     THE COURT SHOULD STRIKE PLAINTIFFS' CLASS CERTIFICATION
ALLEGATIONS........................................................................................................... 5

       A.     The Proposed Classes Are Facially Overbroad Because They Include
Consumers Who Suffered No Injury. .................................................................. 5

       B.     The Proposed Classes Are Facially Defective Because Individual Issues
Will Overwhelm Common Ones. ......................................................................... 7

II.    THE COURT SHOULD DISMISS THE FAC PURSUANT TO RULE 12(B)(6)
BECAUSE IT FAILS TO STATE A PLAUSIBLE CLAIM. ....................................... 10

       A.     Plaintiffs Cannot State a Claim for Breach of Express or Implied Warranty
(Counts 1 and 7). ................................................................................................ 10

       B.     Plaintiffs Cannot State a Claim for Negligent Design, Negligent
Misrepresentation, Failure to Warn, Tortious Breach of Warranty, and
Fraud (Counts 2, 3, 4, 9, and 10). ....................................................................... 13

           1.    Plaintiffs' Tort Claims Under Ohio Law Are Barred by the Ohio
Product Liability Act........................................................................... 13

           2.    Plaintiffs' Tort Claims Under Florida and Illinois Law Are Barred
by the Economic Loss Rule. ................................................................ 15

           3.    Plaintiffs Fail to Allege Plausible Tort Claims. ....................................... 15

       C.     Plaintiffs Cannot State a Claim Under the Florida Deceptive and Unfair
Trade Practices Act and the Illinois Consumer Fraud and Deceptive
Business Practices Act (Counts 5 and 8). ............................................................. 17

       D.     Plaintiffs Cannot State a Claim for Unjust Enrichment (Count 6). ...................... 18

III.   THE COURT SHOULD DISMISS PLAINTIFFS' INJUNCTIVE RELIEF
CLAIM FOR LACK OF STANDING. .......................................................................... 19

CONCLUSION.............................................................................................................................. 20

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)................................................................................................8

*Aprigliano v. Am. Honda Motor Co.*,
979 F. Supp. 2d 1331 (S.D. Fla. 2013) ................................................................15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................................................16

*Baldonado v. Wyeth*,
No. 04 C 4312, 2012 WL 729228 (N.D. Ill. Mar. 6, 2012) ................................12

*Bearden v. Honeywell Int'l Inc.*,
No. 3:09-01035, 2010 WL 1223936 (M.D. Tenn. Mar. 24, 2010) ........................9

*Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*,
No. 10-22153-CIV, 2011 WL 4434891 (S.D. Fla. Sept. 23, 2011) .......................17

*Bondali v. Yum! Brands, Inc.*,
620 Fed. App'x 483 (6th Cir. 2015) .....................................................................17

*Buckeye Res., Inc. v. DuraTech Indus. Int'l, Inc.*,
No. 3:11-cv-335, 2011 WL 5190787 (S.D. Ohio Oct. 31, 2011) .........................12

*Byrnes v. Small*,
No. 8:14-cv-1726-T-36MAP, 2015 WL 6908721 (M.D. Fla. Nov. 9, 2015) ...........9

*Cerdant, Inc. v. DHL Express (USA), Inc.*,
No. 2:08-CV-186, 2009 WL 723149 (S.D. Ohio Mar. 16, 2009).........................18

*City of St. Petersburg v. Total Containment, Inc.*,
265 F.R.D. 630 (S.D. Fla. 2010)............................................................................9

*Cohen v. Implant Innovations, Inc.*,
259 F.R.D. 617 (S.D. Fla. 2008)............................................................................9

*Connick v. Suzuki Motor Co.*,
675 N.E.2d 584 (Ill. 1996)....................................................................................11

*Cook v. Home Depot U.S.A., Inc.*,
No. 2:06-cv-00571, 2007 WL 710220 (S.D. Ohio Mar. 6, 2007) ........................19

iii

*David v. Am. Suzuki Motor Corp.*,
  629 F. Supp. 2d 1309 (S.D. Fla. 2009) ....................................................................12

*Davidson v. Kimberly-Clark Corp.*,
  76 F. Supp. 3d 964 (N.D. Cal. 2014) .......................................................................20

*Degirmenci v. Sapphire-Fort Lauderdale, LLP*,
  693 F. Supp. 2d 1325 (S.D. Fla. 2010) ...................................................................19

*Delgado v. J.W. Courtesy Pontiac GMC–Truck, Inc.*,
  693 So. 2d 602 (Fla. Dist. Ct. App. 1997) ..............................................................18

*Ebersbach v. Vill. of McArthur*,
  No. 07-CV-1223, 2008 WL 2355838 (S.D. Ohio June 9, 2008) ...............................4

*Edwards v. Zenimax Media Inc.*,
  No. 12–cv–00411-WYD-KLM, 2012 WL 4378219 (D. Colo. Sept. 25, 2012) ........7

*Faktor v. Lifestyle Lift*,
  No. 1:09-CV-511, 2010 WL 271346 (N.D. Ohio Jan. 15, 2010) ............................10

*Faralli v. Hair Today, Gone Tomorrow*,
  No. 1:06 CV 504, 2007 WL 120664 (N.D. Ohio Jan. 10, 2007) ..............................7

*Fisher v. Ciba Specialty Chems. Corp.*,
  238 F.R.D. 273 (S.D. Ala. 2006) ..............................................................................9

*Garcia v. Kashi Co.*,
  43 F. Supp. 3d 1359 (S.D. Fla. 2014) .....................................................................12

*Gen. Tel. Co. of the Sw. v. Falcon*,
  457 U.S. 147 (1982).................................................................................................5

*Gill v. Blue Bird Body Co.*,
  147 Fed. App'x 807 (11th Cir. 2005) ......................................................................12

*Greenberger v. GEICO Gen. Ins. Co.*,
  631 F.3d 392 (7th Cir. 2011) ..................................................................................17

*Grendell v. Ohio Supreme Court*,
  252 F.3d 828 (6th Cir. 2001) ..................................................................................19

*Guerrero v. Target Corp.*,
  889 F. Supp. 2d 1348 (S.D. Fla. 2012) ...................................................................18

*Hendricks v. Pharmacia Corp.*,
  No. 2:12-cv-00613, 2014 WL 2515478 (S.D. Ohio June 4, 2014)..........................14

iv

*Hickman v. Wells Fargo Bank N.A.*,
    683 F. Supp. 2d 779 (N.D. Ill. 2010) ...............................................................18, 19

*Hill v. Hoover Co.*,
    899 F. Supp. 2d 1259 (N.D. Fla. 2012)..................................................................12

*Hogue v. Pfizer, Inc.*,
    893 F. Supp. 2d 914 (S.D. Ohio 2012) ..................................................................14

*Hovsepian v. Apple, Inc.*,
    No. 08-5788 JF (PVT), 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009)....................7

*Ibarrola v. Kind, LLC*,
    83 F. Supp. 3d 751 (N.D. Ill. 2015) ......................................................................11

*IWOI, LLC v. Monaco Coach Corp.*,
    581 F. Supp. 2d 994 (N.D. Ill. 2008) ....................................................................12

*Jackson v. St. Jude Med. Neuromodulation Div.*,
    No. 2:14-cv-717-FTM-38DNF, 2015 WL 1456650 (M.D. Fla. Mar. 30, 2015) .....................16

*Jones v. Allercare, Inc.*,
    203 F.R.D. 290 (N.D. Ohio 2001) ...........................................................................9

*Jovine v. Abbott Labs., Inc.*,
    795 F. Supp. 2d 1331 (S.D. Fla. 2011) ..................................................................18

*Kesse v. Ford Motor Co.*,
    No. 14 C 6265, 2015 WL 920960 (N.D. Ill. Mar. 2, 2015) ...............................15, 17

*Kiker v. Smithkline Beecham Corp.*,
    No. 2:14-cv-2164, 2015 WL 5768389 (S.D. Ohio Sept. 30, 2015)........................16

*Loreto v. Procter & Gamble Co.*,
    No. 1:09-cv-815, 2013 WL 6055401 (S.D. Ohio Nov. 15, 2013) .............................5, 6, 7, 10

*Lyons v. Bank of Am., N.A.*,
    No. C 11-1232 CW, 2011 WL 6303390 (N.D. Cal. Dec. 16, 2011).........................7

*Martin v. Home Depot U.S.A., Inc.*,
    225 F.R.D. 198 (W.D. Tex. 2004) ............................................................................9

*McGee v. E. Ohio Gas Co.*,
    200 F.R.D. 382 (S.D. Ohio 2001) ....................................................................5, 6, 7

*McKinney v. Bayer Corp.*,
    744 F. Supp. 2d 733 (N.D. Ohio 2010)....................................................................9

v

*Meta v. Target Corp.*,
74 F. Supp. 3d 858 (N.D. Ohio 2015)..................................................................6, 7, 14

*In re Michaels Stores Pin Pad Litig.*,
830 F. Supp. 2d 518 (N.D. Ill. 2011) ...........................................................................15

*Middleton v. Rogers Ltd.*,
804 F. Supp. 2d 632 (S.D. Ohio 2011) ...........................................................................9

*Miles v. Raymond Corp.*,
612 F. Supp. 2d 913 (N.D. Ohio 2009)..........................................................................13

*Mitchell v. Procter & Gamble*,
No. 09-CV-426, 2010 WL 728222 (S.D. Ohio Mar. 1, 2010)......................................14

*Monsanto Co. v. Geertson Seed Farms*,
561 U.S. 139 (2010).......................................................................................................19

*Moorman Mfg. Co. v. Nat'l Tank Co.*,
91 Ill. 2d 69 (Ill. 1982)..................................................................................................15

*Morrison v. Morgan Stanley Props.*,
No. 06-80751-CIV, 2008 WL 1771871 (S.D. Fla. Apr. 15, 2008).............................16

*Murray v. Traxxas Corp.*,
78 So. 3d 691 (Fla. Dist. Ct. App. 2012) .....................................................................16

*Pilgrim v. Universal Health Card, LLC*,
660 F.3d 943 (6th Cir. 2011) ..........................................................................................5

*In re Porsche Cars N. Am., Inc.*,
880 F. Supp. 2d 801 (S.D. Ohio 2012) .........................................................................17

*Randolph v. J.M. Smucker Co.*,
No. 13-80581-CIV, 2014 WL 1018007 (S.D. Fla. Mar. 14, 2014) .............................11

*Rasmussen v. Apple Inc.*,
27 F. Supp. 3d 1027 (N.D. Cal. 2014) ............................................................................7

*Rheinfrank v. Abbott Labs.*,
Inc., No. 1:13-CV-144, 2015 WL 4743056 (S.D. Ohio Aug. 10, 2015) .......................9

*Rikos v. Procter & Gamble Co.*,
No. 1:11-cv-226, 2013 WL 360330 (S.D. Ohio Jan. 30, 2013).....................................20

*Roppo v. Travelers Cos.*,
100 F. Supp. 3d 636 (N.D. Ill. 2015) .............................................................................9

*Rose v. Vanity Fair Brands, LP*,
No. 13-CV-167, 2013 WL 1752705 (N.D. Ill. Apr. 23, 2013) ...............................................16

*Sanders v. Apple Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009) ......................................................................................7

*Sherrod v. Enigma Software Grp. USA, LLC*,
No. 2:13-cv-36, 2016 WL 25979 (S.D. Ohio Jan. 4, 2016).....................................................10

*Siegel v. Shell Oil Co.*,
656 F. Supp. 2d 825 (N.D. Ill. 2009) ......................................................................................18

*St. Clair v. Kroger Co.*,
581 F. Supp. 2d 896 (N.D. Ohio 2008)....................................................................................11

*Tayne v. Commonwealth Fin. Corp.*,
Nos. 86 C 2734, 86 C 6168, 1990 WL 205951 (N.D. Ill. Nov. 28, 1990)................................9

*Tiara Condo. Ass'n v. Marsh & McLennan Cos.*,
110 So. 3d 399 (Fla. 2013).....................................................................................................15

*Wal-Mart Stores, Inc. v. Dukes*,
131 S. Ct. 2541 (2011).........................................................................................................8, 9

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
45 F. Supp. 3d 706 (N.D. Ohio 2014).....................................................................................16

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
684 F. Supp. 2d 942 (N.D. Ohio 2009)....................................................................................19

*Willard v. Home Depot, U.S.A., Inc.*,
No. 5:09-cv-110/RS-MD, 2009 WL 4730644 (N.D. Fla. Dec. 7, 2009) ................................11

**Statutes**

15 U.S.C. § 2310(e) ........................................................................................................................12

Fla. Stat. Ann. § 501.212(3)............................................................................................................18

Fla. Stat. Ann. § 672.607(3)(a) ......................................................................................................11

Ill. Comp. Stat. Ann. 5/2-607(3)(a)................................................................................................11

Ohio Rev. Code Ann. § 1302.65(C)(1)...........................................................................................11

Ohio Rev. Code Ann. § 2307.71(B) ...............................................................................................13

Defendant The Procter & Gamble Company ("P&G") respectfully moves to strike Plaintiffs' class action-related allegations and moves to dismiss Plaintiffs' Amended Class Action Complaint ("FAC") pursuant to Rule 12(b)(6) for failure to state a claim. P&G also seeks to dismiss Plaintiffs' claims for injunctive relief under Rule 12(b)(1) for lack of standing.

## INTRODUCTION

This case involves pre-moistened products called Charmin Freshmates Flushable Wipes ("Freshmates"). The packaging for Freshmates states that the wipes are "flushable," "septic safe," and "safe for sewer and septic systems." According to Plaintiffs, those representations violate a variety of laws in Florida, Illinois, and Ohio because the wipes do not disintegrate or disperse like toilet paper. As a remedy, Plaintiffs ask this Court to certify a class of every consumer in Florida, Illinois, and Ohio who purchased Freshmates, regardless of whether the consumer experienced any problems with the product.

Plaintiffs' complaint suffers from numerous flaws. *First*, Plaintiffs' class certification allegations are defective and should be stricken. The proposed class definitions are facially overbroad because the vast majority of consumers never experienced any problems with Freshmates and thus were not injured by P&G's alleged conduct. Furthermore, Plaintiffs fail to plead any basis for a departure from the general rule against certifying a class action where the plaintiff's claims depend on highly individualized determinations of reliance, causation, and damages. Under settled law, either one of these errors would provide sufficient grounds for striking the class allegations from the FAC. The combination of these defects provides an overwhelming basis for striking Plaintiffs' class allegations.

*Second*, Plaintiffs' claims should be dismissed because the FAC fails to state a plausible claim for relief under Florida, Illinois, and Ohio law:

- Plaintiffs' claims for breach of express and implied warranty fail for lack of notice and/or privity:  both required elements of those claims.

- Plaintiffs' claims for negligent design, negligent misrepresentation, failure to warn tortious breach of warranty, and common law fraud fail because (i) they are barred under the Ohio Product Liability Act, (ii) they are barred under Florida's and Illinois's economic loss rules, and (iii) the FAC fails to allege sufficient facts to state plausible tort claims.

- Plaintiffs' claims under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") fail because the factual allegations in the FAC fail to satisfy Rule 9(b)'s heightened pleading standards.

- Finally, Plaintiffs' unjust enrichment claim fails both because it is derivative of their other claims and because Plaintiffs allege that their payments were made pursuant to a contract with P&G.

*Third*, and finally, Plaintiffs lack Article III standing to seek injunctive relief.  To assert a claim for injunctive relief, a plaintiff must allege a real and immediate threat of future injury. Here, Plaintiffs do not allege that they are likely to purchase Freshmates again absent some change to the product; nor is it plausible to infer that they would do so, given their apparent dissatisfaction with the product.  Absent any allegations that Plaintiffs would purchase the allegedly misleading product in the future, Plaintiffs lack standing to assert an injunctive relief claim.

For these reasons, as set forth more fully below, P&G's motion should be granted.

## **FACTUAL BACKGROUND**

Defendant P&G markets Freshmates, a pre-moistened wipe that is intended to be used as a complement to dry bath tissue.  FAC ¶¶ 1, 13, 20.  The packaging on the product states that the wipes are "flushable."  *Id.* ¶¶ 2, 14.  In addition, the product label states that the wipes are "septic safe" and "safe for sewer and septic systems."  *Id.* ¶¶ 2, 15.  The package advises users that they should "flush only one or two wipes at a time."  *Id.* ¶ 18.

2

The FAC alleges that the "flushability" representation is misleading because (i) a reasonable consumer would understand "flushable" to mean that the wipes are "*appropriate or suitable* to flush down a toilet for purposes of disposal via the sewer or septic system," and (ii) Freshmates (as Plaintiff says) are not "suitable" for flushing down a toilet.  *Id.* ¶¶ 21, 26. According to the FAC, Freshmates "do not disperse like toilet paper" and "routinely damage or clog plumbing pipes, septic systems and sewage lines and pumps."  *Id.* ¶¶ 19, 21.  The FAC also alleges that various municipal sewage system operators believe that certain unspecified brands of wipes are not suitable for flushing.  *Id.* ¶ 32; *see also id.* ¶¶ 49–62.

Plaintiffs allege two types of injuries predicated on P&G's representations about Freshmates.  *First*, Plaintiffs allege that they experienced plumbing-related damages after flushing Freshmates down their toilets.  *Id.* ¶¶ 71–75, 80–83, 88–92.  Plaintiffs do not allege that *all* consumers experience clogs or other plumbing issues from using Freshmates.  To the contrary, the product reviews cited in the FAC demonstrate that many consumers have been completely satisfied with their purchase of Freshmates.  For example:

- **December 9, 2014:**  I have been using wet wipes since before Charmin was on the market.  I must say that although I thought I was happy with the brands I used before that is just because I didn't know any better.  Charmin brought quality to the market with their flushable, non-clogging wipe.  I have forgot how less of a product other brands are until I am forced to buy one (only when Charmin is gone … or not an option) of the others.  Then I remember why Charmin is so much better.  However, it's not the same as toilet paper … with that I can only use Charmin.

- **March 6, 2013:**  Absolutl[e]y love these.  Does exactly what they say it should do. No rubbing raw as toilet paper does.  Flushes great, have never had a problem.  They just need to come out with singles so you can take them on the road or put a few in your pocket/purse.  When you have "issues" with going to the bathroom, these are the best things to use to feel clean and no pain.

- **February 22, 2013:**  My hubby and I have used this product for several years.  They have never clogged the toilet – in any of the 6 bathrooms and 4 homes we've used them in and not even when we used 3 or 4 at a time – and they help when the hemorrhoids flare up.  To keep the top sheet from drying out at bit, I simply keep the

3

> "taped flap" at the opening over the hole.  Pop, pull back and remove the sheet!  LOVE IT!
>
> - **August 6, 2012:**  This is the trend of the future, having damp wipes in the bathroom after using the toilet paper, to be the most clean you can be.  Having them flushable means no clogged toilets when someone makes a mistake (like with non-flushable wipes).  Great Product, Great Thickness, Everyone should have these around!

*Id.* ¶ 48.[1]

*Second*, citing articles and Internet sources, the FAC alleges that various municipalities have suffered sewer problems allegedly caused by the flushing of unspecified brands of wipes. *See id.* ¶¶ 49–62.  These allegations have nothing to do with the claims asserted in the FAC, which are premised solely on the injuries *consumers* allegedly suffered from using Freshmates. *See id.* ¶ 95.  The FAC does not allege that Freshmates – or even flushable, as opposed to non-flushable wipes – were responsible for the reported sewer issues.  *Id.* ¶¶ 49–62.

Based on these two alleged injuries, Plaintiffs assert claims on behalf of three broad classes of Florida, Illinois, and Ohio consumers who purchased Freshmates.  *Id.* ¶ 95.  Plaintiffs' proposed classes include every consumer in those states who purchased Freshmates, regardless of whether the consumer experienced any clogs or other plumbing issues.  Indeed, the proposed classes include consumers for whom Freshmates performed exactly as advertised.  On behalf of the proposed classes, the FAC asserts ten claims:  breach of express warranty (Count 1), negligent design (Count 2), negligent misrepresentation (Count 3), failure to warn (Count 4), violations of FDUTPA (Count 5), unjust enrichment (Count 6), breach of implied warranty under

---

[1] Citing http://reviews.charmin.com/1769/300005/charmin-charmin-freshmates-reviews/reviews.htm?sort=reviewTextLength.  These materials are incorporated by reference in the FAC and may be considered on a motion to dismiss.  *See Ebersbach v. Vill. of McArthur*, No. 07-CV-1223, 2008 WL 2355838, at *1 (S.D. Ohio June 9, 2008).

the Magnuson-Moss Warranty Act (Count 7), violations of ICFA (count 8), tortious breach of warranty under Ohio law (count 9), and fraud under Ohio law (Count 10).

## ARGUMENT

### I. THE COURT SHOULD STRIKE PLAINTIFFS' CLASS CERTIFICATION ALLEGATIONS.

Under Rule 12(f), a party may move to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949–50 (6th Cir. 2011). A district court has the authority to strike class allegations at the pleadings stage where "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *see also Loreto v. Procter & Gamble Co.*, No. 1:09-cv-815, 2013 WL 6055401, at *3 (S.D. Ohio Nov. 15, 2013) (Black, J.) (striking class allegations where "further discovery and briefing on the certification issue would simply postpone the inevitable conclusion that the putative class cannot be certified").

Here, Plaintiffs' class allegations should be stricken for two reasons. First, the proposed classes are facially defective because they include numerous individuals who have not suffered any injury. Second, it is plain on the face of the FAC that the allegations fail as a matter of law to satisfy Rule 23(b)(3).

### A. The Proposed Classes Are Facially Overbroad Because They Include Consumers Who Suffered No Injury.

As a threshold matter, and apart from the explicit requirements of Rule 23(a), the party seeking class certification must demonstrate that an identifiable and ascertainable class exists. *See McGee v. E. Ohio Gas Co.*, 200 F.R.D. 382, 387 (S.D. Ohio 2001). The class definition

must be "such that a court can ascertain its membership in some objective manner." *Id.* Even at the pleadings stage, a proposed class is not ascertainable and is fatally "overbroad if it includes significant numbers of consumers who have not suffered any injury or harm." *Loreto*, 2013 WL 6055401, at *4.

Plaintiffs' proposed classes are facially overbroad because each includes numerous consumers who suffered no injury or harm and thus have no viable claim. Plaintiffs seek to represent three separate classes consisting of all Florida, Illinois, and Ohio residents who purchased Freshmates. FAC ¶ 95. The FAC does not allege, however, that *all* consumers in those states suffered toilet clogs, plumbing bills, or any other harm from using Freshmates; nor does it allege that Freshmates failed to flush properly for all members of the proposed class. To the contrary, the FAC cites product reviews that demonstrate that many consumers have never experienced plumbing issues from the purchase and use of Freshmates. *Supra* at 3–4. Plaintiffs' proposed classes thus include numerous consumers who have no cause of action.

Two decisions by courts in this Circuit confirm that the class allegations should be stricken. In *Meta v. Target Corp.*, 74 F. Supp. 3d 858 (N.D. Ohio 2015), the plaintiff brought tort claims under Ohio law against a manufacturer of flushable wipes. *Id.* at 859–61. The court dismissed the tort claims as abrogated by the Ohio Product Liability Act because, among other reasons, "the consumers (and vast majority of putative plaintiffs) in this case who bought the [defendant's] wipes and used them for their intended purpose, flushed them, and suffered no injury [and] were not damaged." *Id.* at 864. In *Loreto*, 2013 WL 6055401, the plaintiffs brought false advertising claims on behalf of all New Jersey residents who purchased certain cold medicine. *Id.* at *1, *4. This Court struck the plaintiffs' class allegations, reasoning that "[t]he proposed class in this case, which would include all New Jersey residents who purchased the

Products, would consist primarily of uninjured class members because most were never exposed to the 'blunt its effects' statement, and, therefore, could not have been injured by it." *Id.* at \*4.

Taken together, these cases demonstrate the fatal flaws in Plaintiffs' class allegations. Plaintiffs' proposed classes includes numerous Florida, Illinois, and Ohio consumers "who bought [Freshmates] and used them for their intended purpose, flushed them, and suffered no injury [and] were not damaged." *Meta*, 74 F. Supp. 3d at 864. Accordingly, the Court should strike Plaintiffs' class allegations because "the majority of consumers who purchased the Products … did not suffer an injury." *Loreto*, 2013 WL 6055401, at \*4; *see also McGee*, 200 F.R.D. at 388 (class is overbroad where it "would include members who have not suffered harm at the hands of Defendant and are not at risk to suffer such harm"); *Faralli v. Hair Today, Gone Tomorrow*, No. 1:06 CV 504, 2007 WL 120664, at \*7 (N.D. Ohio Jan. 10, 2007) (class fails where it includes a "number of customers who have no claim because they have not suffered any harm or damage since they are satisfied with their hair removal treatments").[2]

**B.      The Proposed Classes Are Facially Defective Because Individual Issues Will Overwhelm Common Ones.**

Plaintiffs' class allegations also should be stricken because they fail as a matter of law to satisfy Rule 23.  Under Rule 23(a)(2), the party seeking certification must demonstrate that

---

[2]   *See also Edwards v. Zenimax Media Inc.*, No. 12–cv–00411-WYD-KLM, 2012 WL 4378219, at \*5 (D. Colo. Sept. 25, 2012) (striking class allegations when class included all "Colorado residents who presumably purchased [the product] from anyone, anywhere, at any time regardless of whether he or she was ever injured by or even experienced the alleged Defect"); *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1046 (N.D. Cal. 2014) (striking overbroad class definition "as it includes within the class individuals who have not experienced any issue or defect" with challenged product); *Lyons v. Bank of Am., N.A.*, No. C 11-1232 CW, 2011 WL 6303390, at \*7 (N.D. Cal. Dec. 16, 2011) (striking class allegations when the proposed class "includes many members who have not been injured"); *Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 WL 5069144, at \*6 (N.D. Cal. Dec. 17, 2009) (striking class allegations because the class "includes members who have not experienced any problems with their [personal computers]"); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (striking class allegations because class included "individuals who suffered no damages").

"there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The "commonality" requirement tests whether the claims asserted are "of such a nature that [they are] capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Under Rule 23(b)(3), the court must find that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997).

Plaintiffs' proposed classes cannot satisfy either the commonality or predominance requirement under Rule 23 for two independent reasons.

*First*, Plaintiffs' proposed classes will require individualized inquiries regarding each consumer's unique experience with Freshmates. Plaintiffs' claims are premised on the assertion that each plaintiff suffered toilet clogs and damages to her plumbing system by using Freshmates. FAC ¶¶ 72–76, 81–83, 89–93. Any determination of liability, injury, and damages would therefore require a searching examination of the individual circumstances surrounding each class member's use of Freshmates. For example, if a class were certified, the Court would be forced to engage in a case-by-case analysis of (i) how many Freshmates the individual flushed down his or her toilet, (ii) whether the individual flushed other brands of flushable wipes or other non-flushable wipes, (iii) whether the individual suffered clogs from his or her use of Freshmates, (iv) whether the individual's particular plumbing or septic systems were more or less susceptible to clogs, and (v) the type and extent of damages, including repairs, attributable to Freshmates. For these reasons, courts consistently hold that classes seeking recovery for

8

damages to property cannot be certified. *See Jones v. Allercare, Inc.*, 203 F.R.D. 290, 300 (N.D. Ohio 2001) (denying class certification because "[e]ach plaintiff must individually prove that he or she experienced personal injuries and/or property damage which was proximately caused by the use of defendant's products").[3]

*Second*, Plaintiffs' proposed classes also fail because many of the claims asserted in the FAC are not "capable of classwide resolution." *Wal-Mart*, 131 S. Ct. at 2551. For example, Plaintiffs' claims for negligent misrepresentation and fraud require each class member to establish that he or she justifiably relied on the defendant's alleged representation.[4] Similarly, Plaintiffs' breach of warranty claims require each class member to establish that he or she relied on P&G's alleged warranty and provided P&G with timely notice of the breach.[5] And Plaintiffs' claim for "unjust enrichment requires the court to assess whether the individual circumstances of each particular claim would result in inequity." *City of St. Petersburg v. Total Containment, Inc.*, 265 F.R.D. 630, 640 (S.D. Fla. 2010); *Bearden v. Honeywell Int'l Inc.*, No. 3:09-01035, 2010 WL 1223936, at *10 (M.D. Tenn. Mar. 24, 2010) (striking class allegations because

---

[3] *See also Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273, 305 (S.D. Ala. 2006) (denying class certification where "property-specific" issues "substantially outweigh the largely background common issues"); *Martin v. Home Depot U.S.A., Inc.*, 225 F.R.D. 198, 201–02 (W.D. Tex. 2004) ("adjudicating each claim would require intense scrutiny of each potential plaintiff's property to a degree that would not be feasible").

[4] *Byrnes v. Small*, No. 8:14-cv-1726-T-36MAP, 2015 WL 6908721, at *6–7 (M.D. Fla. Nov. 9, 2015) (Florida negligent misrepresentation); *Rheinfrank v. Abbott Labs.*, Inc., No. 1:13-CV-144, 2015 WL 4743056, at *28 (S.D. Ohio Aug. 10, 2015) (Ohio negligent misrepresentation); *Roppo v. Travelers Cos.*, 100 F. Supp. 3d 636, 643-44 (N.D. Ill. 2015) (Illinois negligent misrepresentation); *Middleton v. Rogers Ltd.,* 804 F. Supp. 2d 632, 640 (S.D. Ohio 2011) (Ohio fraud).

[5] *Byrnes*, 2015 WL 6908721, at *7-8 (Florida breach of warranty); *McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733, 754 (N.D. Ohio 2010) (Ohio breach of warranty); *Tayne v. Commonwealth Fin. Corp.*, Nos. 86 C 2734, 86 C 6168, 1990 WL 205951, at *1 (N.D. Ill. Nov. 28, 1990) (Illinois breach of warranty); *see also Cohen v. Implant Innovations, Inc.*, 259 F.R.D. 617, 625 (S.D. Fla. 2008) (notice of breach is "an individualized factual inquiry").

9

"adjudication of a class-wide unjust enrichment claim will require individualized inquiry regarding each class member").

Numerous courts have held that class certification is inappropriate where, as here, the complaint asserts "claims involving individualized issues of reliance, causation, and damages." *Faktor v. Lifestyle Lift*, No. 1:09-CV-511, 2010 WL 271346, at *3 (N.D. Ohio Jan. 15, 2010). These types of legal claims are not susceptible to classwide proof because each individual class member would be required to present evidence about (among other things) how the person interpreted P&G's representations, whether the person relied on the representations, and whether the representations caused the person's purported injuries. Plaintiffs' class allegations therefore should be stricken. *See Loreto*, 2013 WL 6055401, at *5–6 (striking class allegations because "individual inquiries would be required to determine whether the [false] statement played a role in each class member's decision to purchase the Products"); *Sherrod v. Enigma Software Grp. USA, LLC*, No. 2:13-cv-36, 2016 WL 25979, at *6 (S.D. Ohio Jan. 4, 2016) (striking class allegations where the "individualized fact-finding required to resolve [plaintiff's] dispute would not resolve factual issues for any other class members").

## II. THE COURT SHOULD DISMISS THE FAC PURSUANT TO RULE 12(B)(6) BECAUSE IT FAILS TO STATE A PLAUSIBLE CLAIM.

### A. Plaintiffs Cannot State a Claim for Breach of Express or Implied Warranty (Counts 1 and 7).

The FAC asserts two breach of contract claims: one for breach of express warranty under Florida, Illinois, and Ohio law, and one for breach of implied warranty under the Magnuson-Moss Warranty Act ("MMWA"). FAC ¶¶ 104–11, 139–49. These claims fail for lack of notice and/or privity, which are required elements of those claims.

*First*, Plaintiffs' breach of express warranty claim fails for lack of notice to P&G. To assert a breach of express warranty claim in Florida, Illinois, or Ohio, a buyer "must within a

10

reasonable time after he or she discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Fla. Stat. Ann. § 672.607(3)(a); Ohio Rev. Code Ann. § 1302.65(C)(1); 810 Ill. Comp. Stat. Ann. 5/2-607(3)(a). Plaintiffs do not allege that they provided notice to P&G of the alleged breach, and this failure requires dismissal of their express warranty claim. *See Randolph v. J.M. Smucker Co.*, No. 13-80581-CIV, 2014 WL 1018007, at *7 (S.D. Fla. Mar. 14, 2014) ("[T]he Complaint does not contain an allegation that notice of the breach was given to the seller, and, therefore, it fails to state a claim.") (citation omitted); *St. Clair v. Kroger Co.*, 581 F. Supp. 2d 896, 902 (N.D. Ohio 2008) ("If a plaintiff fails to plead pre-litigation notice, her breach of warranty claim must be dismissed.") (citation omitted); *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 760 (N.D. Ill. 2015) ("[B]ecause [plaintiff] did not satisfy the notice requirement, her express warranty claim is dismissed.").

Plaintiffs cannot rely on P&G's alleged general awareness of consumer complaints about Freshmates to satisfy the notice requirement. *See* FAC ¶ 63. It is well settled that "the buyer, not a third party, is required to notify the seller of an alleged breach or else be barred from any remedy." *Willard v. Home Depot, U.S.A., Inc.*, No. 5:09-cv-110/RS-MD, 2009 WL 4730644, at *3 (N.D. Fla. Dec. 7, 2009). Because Plaintiffs fail to allege that *they* provided notice to P&G of the purported breach, the Court should dismiss the express warranty claim as to all three Plaintiffs. *See St. Clair*, 581 F. Supp. 2d at 902 (defendant's "independent knowledge of its alleged breach … does not satisfy the statute's requirement for pre-litigation notice"); *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 590 (Ill. 1996) (same in Illinois).

*Second*, even if Plaintiffs had provided the required notice to P&G, their express warranty claims under Florida and Illinois law fail for lack of privity. To recover for a breach of express warranty in Florida and Illinois, "the plaintiff must be in privity of contract with the

11

defendant." *Hill v. Hoover Co.*, 899 F. Supp. 2d 1259, 1266 (N.D. Fla. 2012); *see also Baldonado v. Wyeth*, No. 04 C 4312, 2012 WL 729228, at *4 (N.D. Ill. Mar. 6, 2012) (same). Here, the FAC does not allege that Plaintiffs purchased Freshmates from or were otherwise in privity with P&G. To the contrary, the FAC alleges that Ms. Ramcharitar purchased Freshmates "from Target stores" in Florida and Ms. Senko purchased Freshmates from "CVS and Acme Grocery stores" in Illinois. *See* FAC ¶¶ 68, 85. Accordingly, Plaintiffs' express warranty claims under Florida and Illinois law fails.

*Third*, the same defects in Plaintiffs' breach of express warranty claim are also fatal to their claim for breach of implied warranty under the MMWA. The MMWA prohibits consumers from bringing suit for a breach of warranty "unless the person obligated under the warranty or service contract is afforded a reasonable opportunity to cure such failure to comply." 15 U.S.C. § 2310(e). In a class action, "such reasonable opportunity [must] be afforded by the named plaintiffs and they shall at that time notify the defendant that they are acting on behalf of the class." *Id.* Similarly, "courts have uniformly held that Magnuson-Moss does nothing to alter or modify state law privity requirements," *Gill v. Blue Bird Body Co.*, 147 Fed. App'x 807, 810 (11th Cir. 2005), and Ohio, Florida, and Illinois "law requires privity of contract to sustain a breach of implied warranty claim," *David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1321–23 (S.D. Fla. 2009); *Buckeye Res., Inc. v. DuraTech Indus. Int'l, Inc.*, No. 3:11-cv-335, 2011 WL 5190787, at *4 (S.D. Ohio Oct. 31, 2011) (Ohio); *IWOI, LLC v. Monaco Coach Corp.*, 581 F. Supp. 2d 994, 1000 (N.D. Ill. 2008) (Illinois).[6] Thus, Plaintiffs' failure to allege notice or privity requires dismissal of their MMWA claim as well.

---

[6] Even courts that have not required privity for breach of express warranty claims have required it for breach of implied warranty claims. *See, e.g.*, *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1388–89 (S.D. Fla. 2014).

12

**B.      Plaintiffs Cannot State a Claim for Negligent Design, Negligent Misrepresentation, Failure to Warn, Tortious Breach of Warranty, and Fraud (Counts 2, 3, 4, 9, and 10).**

The FAC asserts five tort claims:  negligent design, negligent misrepresentation, failure to warn, tortious breach of warranty under Ohio law, and fraud under Ohio law.  Each of these claims is predicated on the assertion that P&G made misleading representations regarding the flushability of Freshmates, and that Plaintiffs suffered damages or economic losses as a result of those representations.  FAC ¶¶ 115, 119, 121, 127, 157, 162.  For the reasons below, these claims fail as a matter of law.

**1.      Plaintiffs' Tort Claims Under Ohio Law Are Barred by the Ohio Product Liability Act.**

The Ohio Product Liability Act  ("OPLA") "abrogate[s] all common law product liability claims or causes of action" under Ohio law.  Ohio Rev. Code Ann. § 2307.71(B).  Under the OPLA:

> "Product liability claim" means a claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.90 of the Revised Code and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following:
>
> (a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product;
>
> (b) Any warning or instruction, or lack of warning or instruction, associated with that product;
>
> (c) Any failure of that product to conform to any relevant representation or warranty.

*Id.* § 2307.71(A)(13)(a)-(c).  The plain language of the statute "provides a clear and unequivocal statement of the legislature's intent" to abolish Ohio common law products claims.  *Miles v. Raymond Corp.*, 612 F. Supp. 2d 913, 917–18, 923 (N.D. Ohio 2009).

13

The OPLA precludes Plaintiffs from asserting claims under Ohio law for negligent misrepresentation, negligent design, failure to warn, tortious breach of warranty, and fraud. The Court should dismiss those claims. *See Meta*, 74 F. Supp. 3d at 861–62 (dismissing claims for tortious breach of warranty, negligent design and failure to warn under the OPLA); *Hendricks v. Pharmacia Corp.*, No. 2:12-cv-00613, 2014 WL 2515478, at *4 (S.D. Ohio June 4, 2014) (common law failure to warn, defect in design, breach of implied warranty, negligence, and negligent misrepresentation "have all been abrogated by the OPLA"); *Mitchell v. Procter & Gamble*, No. 09-CV-426, 2010 WL 728222, at *3–4 (S.D. Ohio Mar. 1, 2010) (OPLA abrogates failure to warn, negligence, and breach of warranty claims).[7]

It makes no difference that Plaintiffs assert a tortious breach of warranty claim for "economic losses only." FAC ¶ 160. In *Meta v. Target Corp.*, the court rejected that argument, concluding that a plaintiff "may not carve out a common law product liability claim for economic loss only where … the facts underpinning his common law claims constitute the same conduct that gives rise to the products liability claim." 74 F. Supp. 3d at 865 (internal quotations omitted). Here too, the factual allegations underpinning Plaintiffs' tortious breach of warranty claim are the same factual allegations that give rise to their other tort claims. FAC ¶¶ 155–59. Plaintiffs' tortious breach of warranty claim is therefore abrogated by the OPLA.

---

[7] Although some courts have held that the OPLA does not abrogate fraud or misrepresentation claims involving "active deception," it does preclude such claims that are "predicated on a duty to issue additional or clearer warnings through advertising and promotion." *Hogue v. Pfizer, Inc.*, 893 F. Supp. 2d 914, 918-19 (S.D. Ohio 2012). Here, Plaintiffs allege that P&G had a duty to warn consumers that Freshmates "were not flushable or sewer and septic safe," and that the labeling of Freshmates omitted warnings that they were "not suitable for disposal by flushing down a toilet." FAC ¶¶ 16, 98, 125. Accordingly, the OPLA precludes Plaintiffs' fraud claim.

14

2. **Plaintiffs' Tort Claims Under Florida and Illinois Law Are Barred by the Economic Loss Rule.**

The economic loss rule in Florida and Illinois bar Plaintiffs' claims for negligent design, negligent misrepresentation, and failure to warn to the extent they seek recovery solely for amounts consumers paid for Freshmates.  In Florida and Illinois, tort claims are prohibited if they only seek damages for economic losses.  *See Tiara Condo. Ass'n v. Marsh & McLennan Cos.*, 110 So. 3d 399, 401 (Fla. 2013); *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69 (Ill. 1982).  Economic losses are damages "for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits—without any claim of personal injury or damage to other property." *Tiara*, 110 So. 3d at 401 (internal quotations omitted); *Moorman*, 91 Ill. 2d at 82 (internal quotations omitted).  Economic losses also include "the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold." *Kesse v. Ford Motor Co.*, No. 14 C 6265, 2015 WL 920960, at *2 (N.D. Ill. Mar. 2, 2015).

Here, the FAC alleges that P&G charges a "premium" for Freshmates over "cheaper, non-flushable items" and that Plaintiffs "paid for a product that was not flushable."  FAC ¶¶ 22, 24, 116.  Tort claims predicated on such allegations are barred by the economic loss rule as they seek damages "related to the loss of value to their [products]." *Aprigliano v. Am. Honda Motor Co.*, 979 F. Supp. 2d 1331, 1336 (S.D. Fla. 2013); *In re Michaels Stores Pin Pad Litig.*, 830 F. Supp. 2d 518, 528–29 (N.D. Ill. 2011) ("a plaintiff cannot recover in tort for economic losses" in Illinois).

3. **Plaintiffs Fail to Allege Plausible Tort Claims.**

Even apart from the OPLA and the economic loss rule, Plaintiffs fail to allege plausible tort claims.  To state a plausible claim for relief under *Twombly*, a complaint must contain more

15

than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs' fraud claim is also subject to Rule 9(b)'s heightened pleading standard, which requires Plaintiffs to "plead the time, place, and content of the alleged misrepresentation upon which Plaintiffs allegedly relied; the fraudulent scheme and intent of the defendant; and any injury resulting from the misrepresentation." *Kiker v. Smithkline Beecham Corp.*, No. 2:14-cv-2164, 2015 WL 5768389, at *6 (S.D. Ohio Sept. 30, 2015) (citation omitted). The FAC falls well short of that standard, doing little more than listing the elements of the five tort claims—negligent design, negligent misrepresentation, failure to warn tortious breach of warranty, and fraud—without explaining or even suggesting how P&G is alleged to have violated those laws. *See* FAC ¶¶ 112–29, 155–60. For example, claims for negligent design require allegations that the defendant owed a duty of care to the plaintiff and that the defendant breached that duty. *See Murray v. Traxxas Corp.*, 78 So. 3d 691, 693 (Fla. Dist. Ct. App. 2012); *Rose v. Vanity Fair Brands, LP*, No. 13-CV-167, 2013 WL 1752705, at *3 (N.D. Ill. Apr. 23, 2013); *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 45 F. Supp. 3d 706, 711–12 (N.D. Ohio 2014). The FAC contains only conclusory allegations about the duty of care P&G purportedly owed to Plaintiffs and never attempts to explain how P&G supposedly breached that duty.

Courts routinely dismiss tort claims where, as here, the complaint contains little more than "perfunctory allegations sounding in products liability theories." *Jackson v. St. Jude Med. Neuromodulation Div.*, No. 2:14-cv-717-FTM-38DNF, 2015 WL 1456650, at *7 (M.D. Fla. Mar. 30, 2015); *see also Morrison v. Morgan Stanley Props.*, No. 06-80751-CIV, 2008 WL 1771871, at *9 (S.D. Fla. Apr. 15, 2008) (dismissing negligence claim because, although plaintiff "recites some of the magic words—'existence of a duty' and 'breach of that duty'—her allegations are

16

vague and conclusory and she fails to plead facts that support the elements of a negligence claim"). Plaintiffs' tort claims, which rest on mere vague and conclusory allegations, should be dismissed for the same reason.

### C. Plaintiffs Cannot State a Claim Under the Florida Deceptive and Unfair Trade Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act (Counts 5 and 8).

Plaintiffs also fail to state a plausible claim under FDUTPA or ICFA. To state a FDUTPA claim, a plaintiff must allege (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages. *See Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2011 WL 4434891, at *5 (S.D. Fla. Sept. 23, 2011). To state an ICFA claim, a plaintiff must allege (1) a deceptive act or practice in the course of trade or commerce, (2) defendant's intention that the plaintiff rely on the deception; (3) causation; and (4) actual damages. *Kesse v. Ford Motor Co.*, No. 14 C 6265, 2015 WL 920960, at *3 (N.D. Ill. Mar. 2, 2015). In addition, FDUTPA and ICFA claims based on purported misrepresentations must meet the heightened pleading standards of Rule 9(b). *Begualg Inv. Mgmt. Inc.*, 2011 WL 4434891, at *5; *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011). Rule 9(b) requires that a plaintiff "identify[] the statements or omissions alleged to be false or misleading and detail[] the 'who, what, when, where, and how' of the alleged fraud." *Bondali v. Yum! Brands, Inc.*, 620 Fed. App'x 483, 488–89 (6th Cir. 2015).

Plaintiffs' allegations fail to satisfy Rule 9(b)'s heightened pleading standards. Although the FAC contains a number of generic allegations about the flushability of Freshmates, it fails to provide any details regarding the circumstances under which Plaintiffs viewed and relied on P&G's representations. The FAC's wholesale failure to describe the "who, what, when, where, and how" for each distinct plaintiff provides an independent basis for dismissing Plaintiffs' FDUTPA and ICFA claims. *See In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 847–49

17

(S.D. Ohio 2012) (dismissing plaintiff's ICFA because he failed "to provide the time, place, and general circumstances under which such [deceptive] statements were made" even though plaintiff cited "seven specific statements that Defendants allegedly made").

Plaintiffs' FDUTPA claim also fails to the extent that they seek recovery for property damages. Florida courts have held that the only damages compensable under FDUTPA are "economic damages related solely to a product or service purchased in a consumer transaction infected with unfair or deceptive trade practices or acts." *Delgado v. J.W. Courtesy Pontiac GMC–Truck, Inc.*, 693 So. 2d 602, 606 (Fla. Dist. Ct. App. 1997); Fla. Stat. Ann. § 501.212(3). Here, Plaintiffs appear to seek classwide damages for harms to plumbing or septic systems allegedly caused by Freshmates. *See, e.g.*, FAC ¶¶ 3, 130–34. Those types of damages relate to injuries incurred "beyond the purchase price of the product" and therefore are not recoverable under FDUTPA. *Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1344 (S.D. Fla. 2011).

### D. Plaintiffs Cannot State a Claim for Unjust Enrichment (Count 6).

Plaintiffs' stand-alone unjust enrichment claim (FAC ¶¶ 135–38) is predicated on their other claims and should be dismissed for the same reasons. *See Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1357 (S.D. Fla. 2012) ("[I]f plaintiff cannot prevail on her FDUTPA claim, she cannot prevail on her unjust enrichment claim."); *Siegel v. Shell Oil Co.*, 656 F. Supp. 2d 825, 834 (N.D. Ill. 2009) ("Because [plaintiff] has not established a private cause of action under the ICFA, unjust enrichment cannot serve as the basis for liability[.]"). In addition, unjust enrichment is an equitable doctrine, and thus is not available where plaintiffs have an adequate legal remedy. *Guerrero*, 889 F. Supp. 2d at 1356; *Cerdant, Inc. v. DHL Express (USA), Inc.*, No. 2:08-CV-186, 2009 WL 723149, at *6 (S.D. Ohio Mar. 16, 2009); *Hickman v. Wells Fargo Bank N.A.*, 683 F. Supp. 2d 779, 797 (N.D. Ill. 2010). Because Plaintiffs seek recovery for precisely

18

the alleged wrongs for which they seek recovery under their other claims, an adequate legal remedy exists, and the unjust enrichment claim should be dismissed.

Plaintiffs' unjust enrichment claim is also barred because the FAC asserts a claim for breach of express warranty, which is fundamentally a claim for breach of contract. FAC ¶¶ 104–11; *supra* at 10–12. Under Florida, Illinois, and Ohio law, a claim for unjust enrichment is not available where a contract exists. *See, e.g.*, *Degirmenci v. Sapphire-Fort Lauderdale, LLP*, 693 F. Supp. 2d 1325, 1347–48 (S.D. Fla. 2010); *Cook v. Home Depot U.S.A., Inc.*, No. 2:06-cv-00571, 2007 WL 710220, at \*8 (S.D. Ohio Mar. 6, 2007); *Hickman*, 683 F. Supp. 2d at 797 (N.D. Ill. 2010). Plaintiffs cannot have it both ways. If Plaintiffs are permitted to proceed on their express warranty claim, the unjust enrichment claim should be dismissed.[8]

## III. THE COURT SHOULD DISMISS PLAINTIFFS' INJUNCTIVE RELIEF CLAIM FOR LACK OF STANDING.

To establish Article III standing, a plaintiff must allege an injury-in-fact that is (1) concrete and particularized, as well as actual or imminent; (2) fairly traceable to the challenged action of the defendant; and (3) redressable by a favorable ruling. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149–50 (2010). As applied to injunctive relief claims, these elements require a plaintiff to show "a significant possibility of future harm." *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir. 2001) (internal quotations omitted).

Plaintiffs lack standing to seek injunctive relief because they do not, and cannot, allege that they face a significant possibility of future harm. To the contrary, Plaintiffs acknowledge that they are not likely to purchase Freshmates again unless they "could be certain that they were

---

[8] Plaintiffs' unjust enrichment claim under Ohio law should also be dismissed because Ms. Senko fails to allege that she was in privity with P&G. *See In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 684 F. Supp. 2d 942, 952 (N.D. Ohio 2009) (dismissing unjust enrichment claim because plaintiff did not purchase product at issue directly from manufacturer).

flushable, dispersible and would not cause damage to [their] plumbing or septic system[s]." FAC ¶¶ 77, 84, 94.  In light of those allegations, there is no basis for concluding that Plaintiffs are likely to be misled into purchasing Freshmates based on the very same advertising and labeling they now challenge.

In nearly identical cases involving flushable wipes, courts have dismissed injunctive relief claims for lack of Article III standing.  For example, in *Davidson v. Kimberly-Clark Corp.*, 76 F. Supp. 3d 964 (N.D. Cal. 2014), the plaintiff alleged that the defendants falsely represented their wipes as "flushable" in violation of California's consumer protection laws.  *Id.* at 966–67. The court held that the plaintiff "lacks standing to assert a claim for prospective injunctive relief, as she has indicated she has no intention of purchasing the same [flushable wipe] product in the future."  *Id.* at 969.  Similarly, courts in this Circuit have held that consumers lack standing to seek injunctive relief when they do not plausibly allege that they would purchase the allegedly misleading product in the future.  *See Rikos v. Procter & Gamble Co.*, No. 1:11-cv-226, 2013 WL 360330, at *4 (S.D. Ohio Jan. 30, 2013) (dismissing injunctive relief claim because plaintiff's "allegations of injury are based on past purchases" and "he will not purchase the product again in reliance on those advertisements.").

The Court should reach the same conclusion.  The FAC fails to allege that Plaintiffs would purchase Freshmates again or would otherwise be threatened with future injury. Plaintiffs' injunctive relief claim should therefore be dismissed for lack of Article III standing.

## CONCLUSION

For the foregoing reasons, P&G's motion should be granted.

20

Dated: February 15, 2016

Respectfully submitted:

s/ Henry B. Liu

Henry B. Liu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
hliu@cov.com


Emily Johnson Henn
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, California 94065
(650) 632-4700
ehenn@cov.com

*Attorneys for Defendant The Procter &
Gamble Company*

21

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2016, the forgoing document was electronically filed with the Clerk of Court using CM/ECF, which will serve all counsel of record.

s/ Henry B. Liu
Henry B. Liu

22