UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KARLA RAMCHARITAR, *et al.*,
On behalf of themselves and all others
similarly situated,

        Plaintiffs,

vs.

THE PROCTER & GAMBLE COMPANY,

        Defendant.

Case No. 1:15-cv-457

Judge Timothy S. Black

**ORDER GRANTING DEFENDANT'S MOTION TO STAY (Doc. 16)**

This civil action is before the Court on Defendant's motion to stay (Doc. 16), and the parties' responsive memoranda (Docs. 20, 21).

**I.    BACKGROUND FACTS AND PROCEDURAL POSTURE**

This case involves pre-moistened wipes called Charmin Freshmates Flushable Wipes ("Freshmates"). The packaging for Freshmates states that the wipes are "flushable," "septic safe," and "safe for sewer and septic systems." Plaintiffs claim these representations are false and misleading because Freshmates do not disperse or disintegrate like toilet paper. Plaintiffs seek an injunction prohibiting P&G from selling and marketing Freshmates as flushable.

Defendant seeks to stay this action because United States District Judge Weinstein of the Eastern District of New York referred to the Federal Trade Commission ("FTC") issues that substantially overlap with the issues Plaintiffs raise in this action. In that action, plaintiff brought a similar lawsuit against P&G on behalf of a class of New York

consumers, alleging that Freshmates "are not actually 'flushable.'" Judge Weinstein ordered a stay of the case and held that "[t]he issue of an appropriate definition of 'flushable' wipes and related issues are referred to the FTC." *Belfiore v. The Procter & Gamble Co.*, No. 14-cv-4090, 2015 U.S. Dist. LEXIS 137034, at *6 (E.D.N.Y. Oct. 5, 2015).

> With multiple cases before this court and others across the nation (each at a different phase and featuring different substantive state laws), the FTC's engagement in an ongoing inquiry of defendant, and the agency's pending agreement with another manufacturer, there is a substantial risk of inconsistent judgments regarding the meaning of "flushable." A robust management of the "flushable" problem by the FTC, rather than by courts, could avoid unnecessary inconsistencies and controversies, helping manufacturers, retail vendors and consumers alike.
>
> The primary jurisdiction doctrine is invoked to stay the instant case while the FTC exercises jurisdiction, if it chooses to do so. The issue of an appropriate definition of "flushable" wipes and related issues are referred to the FTC.

*Id.* at 5-6. Judge Weinstein subsequently stayed all cases before him that challenged other manufacturers' flushable wipes, and denied repeated requests to lift the stays.[1]

## II. STANDARD OF REVIEW

The decision whether to stay proceedings is entirely within a district court's discretion. *Ohio Envtl. Council v. United States Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cause on its docket with the

---

[1] *See Belfiore v. Procter & Gamble Co.*, No.14-cv-4090, 2015 U.S. Dist. LEXIS 137034 (E.D.N.Y. Oct. 22, 2015) (denying motion to lift stay); *Kurtz v. Kimberly-Clark Corp.*, No. 14-cv-1142, 2015 U.S. Dist. LEXIS 166002 (E.D.N.Y. Dec. 10, 2015) (same).

economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (quoting *Landis v. N. Amer. Co.*, 299 U.S. 248, 254-55 (1936)).  This Court has weighed the following factors in conducting its balancing analysis: "[1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the hardship/prejudice to the party opposing the stay, given its duration."  *Id.*

### III.   ANALYSIS

#### A.   Dispositive Effect

In support of its motion to stay, all of the cases Defendant cites involved situations where an issue dispositive to the district court case was under review by another *court*.  That is not the situation here.  Moreover, any further action taken by the FTC would not be dispositive of a lawsuit brought by consumers, because the only relief that the FTC Act provides is before the Commission.  *Belfiore*, 2015 U.S. Dist. LEXIS 137034 at 77.  Consent orders issued by the FTC do not bar private lawsuits based on the same conduct.  1 Fed. Trade Commn. § 12:6 (2015) ("the consent order does not bar private actions based on these practices.").

However, in *Belfiore*, Judge Weinstein concluded that the FTC—not federal courts—should consider the "appropriate standard for assessing flushability" in the first instance.  While Plaintiffs assert that "the risk of inconsistent rulings, if any, is minimal" (Doc. 20 at 10), Judge Weinstein explained that the risk of inconsistent decisions "is

3

serious, as noted by the number of cases that have already reached varying dispositions." *Belfiore*, 2015 U.S. Dist. LEXIS 137034 at 73.

Accordingly, both parties make compelling arguments with respect to the first factor.

### B. Judicial Economy

This case concerns what it means for a product to be "flushable." Judge Weinstein concluded that "[a] robust management of the 'flushable' problem by the FTC, rather than by courts, could avoid unnecessary inconsistencies and controversies, helping manufacturers, retail vendors and consumers alike." *Belfiore*, 2015 U.S. Dist. LEXIS 137034 at 5, 73 ("the FTC should address the instant cases and related cases, lest inconsistent judgments and labeling abound."). Defendant argues that it would face a broad range of costly and burdensome discovery requests that could be substantially narrowed if the FTC were to clarify a definition of flushability.

Courts have granted motions to stay where there is an ongoing parallel proceeding that may clarify issues raised by a plaintiff's lawsuit. For example, in *Unroe v. Vilsack*, No. 2:11cv592, 2012 U.S. Dist. LEXIS 114480 (S.D. Ohio Aug. 14, 2012), the plaintiff moved to stay the case because the Sixth Circuit had pending before it a case involving the same defendant and similar legal issues. *Id.* at 1-2. The court granted the motion to stay because "the Sixth Circuit is virtually certain to decide legal questions that determine, or at least significantly inform, the outcome of this case." *Id.* at 4. Numerous courts, including courts in this district, have held that the risk of inconsistent decisions is a significant factor that warrants a stay of proceedings. *See, e.g., Hagwood v. Gen. Elec.*

4

*Co.*, No. 2:07cv548, 2007 U.S. Dist. LEXIS 92033, at *2 (S.D. Ohio Dec. 4, 2007) (granting stay to prevent "inconsistent pretrial rulings").[2]

Plaintiffs argue that "the FTC has already taken action" by approving a consent order with Nice-Pak, another manufacturer of flushable wipes. (Doc. 20 at 2, 9). Judge Weinstein considered and rejected this argument: In *Kurtz*, the plaintiff moved to lift the stay in the proceedings because of the Nice-Pak consent order, arguing that the FTC had "acted" and "there is no indication that it will or could act further." *Kurtz v. Kimberly-Clark Corp.*, No. 14-cv-1142, 2015 U.S. Dist. LEXIS 166002, at *4 (E.D.N.Y. Dec. 10, 2015). Judge Weinstein held that the Nice-Pak consent order "does not sufficiently address the reasons for the referral" because: (1) it "does not purport to create a single, uniform, 'flushable' definition applicable to manufacturers and retailers nationwide," (2) "[i]t concerns wipes manufactured by Nice-Pak, and is binding only on Nice-Pak," and (3) the "FTC is continuing to investigate additional manufacturers of 'flushable' wipes." *Id.* at 10. Accordingly, the court denied the plaintiff's motion to lift the stay. *Id.* at 11 ("Lifting the stay at this time would be premature and would not further the public interest in a uniform and nationally applicable definition of 'flushability.'").[3]

Accordingly, this factor weighs in favor of a stay.

---

[2] *See, e.g., Negotiated Data Sols., LLC v. Dell Inc.*, No. cv-03-5755, 2008 U.S. Dist. LEXIS 77229, at *1 (N.D. Cal. Sept. 16, 2008) (staying case pending conclusion of FTC proceedings where "the scope of the issues brought before this Court could potentially be much narrower after the conclusion of the FTC proceeding.").

[3] *See also Belfiore*, 2015 U.S. Dist. LEXIS 137034 at 3 (denying request to lift stay based on the Nice-Pak order because it involves "only one other manufacturer" and "[t]he actions currently pending before this court and in other jurisdictions involve a multitude of manufacturers and sellers").

### C. The Public Interest

Judge Weinstein concluded that "[a]djudication by the FTC, as compared to the court, is in the public interest" because "[t]he FTC is better suited to protect consumers nationally." *Belfiore*, 2015 U.S. Dist. LEXIS 137034 at 79, 73. Furthermore, "[t]he FTC allows for public comment, while an individual class action generally does not." *Id.* at 79. Accordingly, this factor weighs in favor of a stay.

### D. Prejudice

Plaintiffs filed their complaint on July 10, 2015, but did not serve Defendant until November 6, 2015. (Doc. 7). Accordingly, Plaintiffs' four month delay in prosecuting their lawsuit contravenes any alleged urgency in adjudicating the matter. Additionally, this case has not progressed beyond the earliest stages of litigation and discovery has not yet begun.

Moreover, this Court will not stay this case "for an indefinite period of time" as Plaintiffs suggest. As Judge Weinstein observed in December 2015, "[t]he FTC must be given a meaningful opportunity to respond to the court's referral" and "[o]nly two months have passed since the court ordered the stay of the present action." *Kurtz*, 2015 U.S. Dist. LEXIS 166002 at 10, 6. Should the FTC decide not to act on the referral, Judge Weinstein noted that "[t]he stay may be lifted by the court to avoid unnecessary delays or for other reasons." *Belfiore*, 2015 U.S. Dist. LEXIS 137034 at 78. Here too, Plaintiffs may ask the Court to lift the stay if the FTC does not respond to the referral in a reasonable time period.

6

Judge Weinstein is adjudicating six separate cases involving different manufacturers' flushable wipes, and clearly he has developed extensive knowledge about the factual and legal nature of plaintiffs' challenges to those products. *Belfiore*, 2015 U.S. Dist. LEXIS 137034 at 12-14.  In light of his experience and the advanced posture of several of his cases, this Court finds it is highly appropriate to defer to Judge Weinstein.

Accordingly, weighing the competing interests, the Court finds that the request for a stay is well-taken.

## IV.    CONCLUSION

For these reasons, Defendant's motion to stay (Doc. 16) is **GRANTED**.  This case is **STAYED** until further Order of this Court.

**IT IS SO ORDERED**.

Date:  3/1/16                                                                         *s/ Timothy S. Black*
                                                                                       Timothy S. Black
                                                                                       United States District Judge